**UNITED STATES of America,**
**Appellee,**

v.

**Damon Flamont SMITH, Appellant.**

**No. 06–3942.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Aug. 7, 2007.

Filed: Aug. 10, 2007.

Ann M. Koszuth, Asst. Fed. Public Defender, Springfield, MO (Raymond C. Conrad, Jr., Fed. Public Defender, Kansas City, MO, on the brief), for appellant.

Damon Flamont Smith, Springfield, MO, pro se.

T. Todd Myers, Spec. Asst. U.S. Atty., Springfield, MO (Bradley J. Schlozman, U.S. Atty., Kansas City, MO, on the brief), for appellee.

Before BYE, RILEY, and MELLOY, Circuit Judges.

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

**530**

[UNPUBLISHED]

PER CURIAM.

In this direct criminal appeal of his 180–month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Damon Flamont Smith challenges the district court's[1] determination that his three prior Missouri convictions for first-degree tampering with an automobile by operation are "violent felonies" within the meaning of 18 U.S.C. § 924(e)(1).

Smith's argument is unavailing. *See United States v. Johnson*, 417 F.3d 990, 999 (8th Cir.2005) (holding that risks associated with Missouri offense of tampering by operation "are sufficient to warrant classifying it as a violent felony" for purposes of § 924(e)), *cert. denied*, —— U.S. ——, 127 S.Ct. 285, 166 L.Ed.2d 218 (2006); *United States v. Leathers*, 354 F.3d 955, 959 (8th Cir.2004) (one panel cannot overrule decision of another).[2]

Accordingly, we affirm.

Before BYE, RILEY, and MELLOY, Circuit Judges.

[UNPUBLISHED]

---

1. The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

2. In a submission under Federal Rule of Appellate Procedure 28(j), Smith draws our attention to *Leocal v. Ashcroft*, 543 U.S. 1, 9–11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) (construing "crime of violence" for purposes of 18 U.S.C. § 16(b) to require substantial risk of

use of force). Smith's reliance, however, is misplaced. *See Johnson*, 417 F.3d at 996 n. 4 ("violent felony" under § 924(e) differs from definition at issue in *Leocal*).